UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHATEAU LIVING CENTER, L.L.C** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-3211** |
| **HANOVER INSURANCE COMPANY** | * | **SECTION "L"(3)** |

Before the Court is Plaintiff Chateau Living Center, L.L.C.'s ("Chateau") Motion for Partial Summary Judgment (Rec. Doc. 19). The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

## I. Background

This case arises out of an insurance policy coverage dispute regarding damage sustained during Hurricane Katrina by Chateau, the lessee and operator of a nursing home facility, located at 716 Village Road in Kenner, Louisiana. The policy at issue here, No. RH06636646-03 (the "Policy") was issued to Chateau by Hanover Insurance Company ("Hanover"), insuring Chateau's nursing home against damage to its physical facility and damages due to business interruption. The Policy was in full force and effect in August and September 2005, the period of time in which Chateau allegedly sustained damage in the aftermath of the hurricane.

Chateau subsequently sued Hanover in this Court, claiming it is entitled to payment in satisfaction of invoices for remediation work performed at the facility after the storm. Chateau further claims that it is entitled to payment from Hanover for business interruption losses and extra expenses, in addition to future losses and expenses. Chateau alleges that Hanover has paid only a fraction of the amount owed.

Chateau filed the instant Motion for Partial Summary Judgment on the issue of application

of a co-insurance penalty for loss of business operations income.  Specifically, Chateau claims that Hanover applied a co-insurance penalty based upon its Form CP 15 10, but Hanover did not attach or otherwise include Form CP 15 10 as part of the Policy.  Chateau seeks partial summary judgment in its favor declaring that (i) Hanover's Form CP 15 10 is not part of the Policy and (ii) Hanover may not apply a co-insurance penalty based upon its Form CP 15 10 to any claim made by Chateau under the Policy.

Though Hanover admits that Form CP 15 10 was not included on the Policy's declarations page or otherwise attached to the Policy, Hanover argues that Form CP 00 30 was included in Chateau's copy of the Policy and that form, rather than Form CP 15 10, permits application of the co-insurance penalty.   Hanover maintains that Form CP 15 10 only operates to deduct certain payroll expenses in performing the co-insurance analysis.

## II.  Motion for Summary Judgment Standard

Summary judgment is granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material if it "might affect the outcome of the suit under governing law[.]" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the Court must review the facts "drawing  inferences in a manner most favorable to the nonmoving party."  *See General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  A moving party must demonstrate an absence of genuine issues of material fact, meaning "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  If the party moving for summary judgment demonstrates such absence,

"the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Standard for Interpretation of Insurance Policy Language

As an insurance policy constitutes a contract between the parties, the general rules of contract construction and interpretation apply. *Lewis v. Hamilton*, 652 So. 2d 1327, 1329 (La. 1995) (citing *Louisiana Ins. Guar. Ass'n v. Interstate Fire and Casualty Co.*, 93-0911 (La. 1994); 630 So.2d 759, 763 and *Smith v. Matthews*, 611 So.2d 1377, 1379 (La. 1993)). "The interpretation of a contract is the determination of the common intent of the parties." *Lewis*, 652 So.2d at 1329. Thus, a court must interpret a contract to encompass only those things that the parties intended it to include. La. Civ. Code art. 2051. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent," La. Civ. Code art. 2046, and the insurance contract must be enforced as written. *Marcus v. Hanover Ins. Co.*, 740 So.2d 603, 606 (La. 1999). When words in a written contract are susceptible to more than one meaning, the court applies the meaning that best conforms to the contract's object, and if contract provisions are capable of different meanings, the meaning that renders it effective, rather than ineffective, is employed. La. Civ. Code arts. 2048-49. Each provision must be interpreted in the context of all other contract provisions so that each provision is given the meaning suggested by the contract as a whole. La. Civ. Code. art. 2050.

### IV. The Policy

The Policy's declarations page limits Chateau's business income coverage "other than rental" to a maximum of $6,037,640.00, with an 80% co-insurance factor. (Rec. Doc. 23, Ex. A ). The term of the Policy was December 26, 2004 to December 26, 2006, and the business income recovery limit was incorporated into the Policy on February 25, 2005. *Id.* Thus, the recovery limit was effective for the months of August and September 2005.

The Policy also contains Form CP 00 30, titled "Business Income (and Extra Expense) Coverage Form." (Rec. Doc. 23, Ex. B). Section E of this form contains language which applies in the event that a co-insurance percentage is stated on the declarations page. This language provides for co-insurance conditions, or instances where Hanover will not pay the full amount of any loss when the limit of business income insurance is less than a certain amount. Specifically, the co-insurance condition states that Hanover will not pay the full amount of any loss if the business income coverage limit is less than:

> a.  The Coinsurance percentage shown for Business Income in the Declarations; times
>
> b.  The sum of:
>
> (1) The Net Income (Net Profit or Loss before income taxes), and
>
> (2) Operating expenses, including payroll expenses, that would have been earned or incurred (had no loss occurred) by your "operations" at the described premises for the 12 months following the inception, or last previous anniversary date, of this policy (whichever is later).

*Id.*

> When operating expenses are calculated, Form CP 00 30's language states that:
>
> the following expenses, *if applicable*, shall be deducted from the total of all operating expenses:
> ....
> 11.  All ordinary payroll expenses or the amount of payroll expense excluded (if form CP 15 10 is attached);

....
*Id.* (emphasis added).

From a review of this language and the content of Form CP 15 10 itself, (Rec. Doc. 23, Ex. C), it is clear that the only application for Form CP 15 10 is with respect to the inclusion of certain payroll expenses in the calculation of the operating expenses total. Thus, the uncontested fact that Form CP 15 10 was not included in the Policy is not dispositive of whether the application of a co-insurance penalty was proper under the Policy's terms, and to the extent that Chateau seeks a summary declaration that Hanover improperly calculated whether co-insurance applied to Chateau's claim based on the mere fact that Form CP 15 10 was not attached, the motion is DENIED.

To the extent that Chateau merely seeks a declaration that Chateau may not use Form CP 15 10 in the calculation of the operating expenses total, Hanover does not dispute this fact and the motion is GRANTED. As to whether Form CP 15 10 was improperly used in actuality, in a supplemental memoranda in support of its motion (Rec. Doc. 53), Chateau argues that Hanover was required to deduct "all ordinary payroll expenses" from its calculation of operating expenses in determining the applicability of the co-insurance provision because the Form CP 00 30's parenthetical "(if form CP 15 10 is attached)" applies only to "the amount of payroll expenses excluded" and does not apply to "[a]ll ordinary payroll expenses." Thus, Chateau contends Hanover improperly used Form CP 15 10 because it did not deduct all ordinary payroll expenses. The Court rejects this interpretation as contrary to the clear and unambiguous language of Form CP 00 30. Moreover, Form CP 15 10 defines ordinary payroll expenses, signaling a clear intent for application. This argument of Chateau is also inconsistent with its earlier supplemental memorandum (Rec. Doc. 27, p. 2), in which Chateau, in contrast, argues "Hanover cannot deduct the total of all operating expenses for the purposes of applying co-insurance any of the ordinary

5

payroll expenses or the amount of payroll expenses excluded." To the extent that Chateau seeks a declaration that Hanover improperly used Form CP 15 10 because Hanover did not deduct all ordinary payroll expenses from total operating expenses, this argument clearly fails.

Lastly, to the extent that Chateau seeks the Court to state that Hanover otherwise improperly applied Form CP 15 10, the Court does not have any information before it regarding the composition of Hanover's calculations and cannot discern whether Form CP 15 10 was otherwise applied. Thus, summary judgment is inappropriate at this time on whether Form CP 15 10 was otherwise used in practice, and the motion must be DENIED.

**V. Conclusion**

Accordingly, the Motion is GRANTED IN PART to the extent that Form CP 15 10 is not part of the Policy and may not be used to calculate total operating expenses for purposes of the co-insurance penalty, and the Motion is DENIED IN PART to the extent that Chateau seeks declarations that the mere fact Form CP 15 10 was not attached constitutes improper application of the co-insurance penalty; that Hanover was required to deduct "all operating expenses" from total operating expenses; and that Hanover otherwise improperly applied Form CP 15 10 to the calculation.

New Orleans, Louisiana, this 13th day of  July , 2007.

UNITED STATES DISTRICT JUDGE